**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:16-cv-23611-CMA**

SAFARI PROGRAMS, INC.,
d/b/a SAFARI, LTD.,

    Plaintiff,

v.

QUERCIA, INC., A FLORIDA
CORPORATION, d/b/a IQON,

    Defendant.
_____/

## ORDER ON PENDING DISCOVERY ISSUES

THIS CAUSE came before the Court upon Defendant's request for a discovery hearing arising from its Request for Production to Plaintiff (RPD), Interrogatories to Defendant, and the deposition of Plaintiff's designated corporate representative(s) pursuant to Fed. R. Civ. P. 30(b)(6). On November 29, 2016, the District Court referred all discovery matters to the undersigned Magistrate Judge. (ECF 21). The Court having reviewed the propounded written discovery, heard arguments of counsel for the parties and being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

    1.    **Defendant's Request for Production Documents to Plaintiff:**

        a.    In response to RPD 1, 2, 3, 13, 14, 15, 16, 17, 18, 19 and any other request in response to which Plaintiff responded "None known at this time" or the like and/or expressed a reservation of the opportunity to supplement the response at a later date, the Plaintiff shall amend the response to specifically state that a good faith effort has been made to identify all documents that may be responsive to the request.

b. All objections on the basis that a request is vague, ambiguous, overly broad, burdensome, irrelevant, immaterial and/or not reasonably calculated to lead to the discovery of admissible evidence are stricken.

c. Plaintiff's objections to RPD 3 are sustained in part and overruled in part. Plaintiff shall produce all correspondences between Plaintiff and David Quercia that relate to any fact or issue alleged in the Complaint (ECF 1).

d. Plaintiff's objections to RPD 4, 5 and 6 are overruled. Plaintiff shall produce the documents requested therein.

e. Plaintiff's objections to RPD 4, 5 and 6 are overruled. Plaintiff shall produce the documents requested therein.

f. Plaintiff's objections to RPD 7, 8 and 9 are sustained in part and overruled in part. Plaintiff shall produce the documents requested therein, with the exception of health information, retirement accounts and personal information related to fringe benefits provided by Plaintiff to each employee. The Court further orders that the documents and information provided in the documents shall not be used for any purpose outside this litigation, but this order shall have no bearing on discoverability of any documents or information in other proceedings.

g. Plaintiff's objections to RPD 10 and 11 are sustained.

h. Plaintiff's objections to RPD 12, 13, 14, 15, 16, 17, 18 and 20 are overruled. Plaintiff shall produce the documents requested therein.

i. Plaintiff's objections to RPD 19 are sustained as to the Request for Production on the basis that while potentially relevant and material, any relevance is outweighed by the likely burden of gathering and producing such documents..

Defendant shall be entitled to explore the topic of design, origin and manufacture of Plaintiff's products during the deposition of Plaintiff's corporate representative(s) pursuant to Fed. R. Civ. P. 30(b)(6).

    2. **Defendant's Interrogatories to Plaintiff:**

        a.    Plaintiff need not further respond to Interrogatories 2 or 7 because counsel for Plaintiff has represented to the Court that all responsive information is stated in the Complaint.

        b.    Plaintiff need not further respond to Interrogatories 3, 4, 5 or 6. The Defendant may explore those topics in the deposition of Plaintiff's corporate representative(s) pursuant to Fed. R. Civ. P. 30(b)(6).

        c.    Plaintiff's objection to Interrogatory 9 is sustained in part and denied in part. Plaintiff shall provide a complete answer as to the target market for its products. Defendant may explore the topics in Interrogatory 9 during the deposition of Plaintiff's corporate representative(s) pursuant to Fed. R. Civ. P. 30(b)(6).

        d.    Plaintiff's objections to Interrogatory 10 are overruled. Plaintiff shall fully answer Interrogatory 10.

        e.    No issue was asserted as to Interrogatories 1, 7 or 8, and the Court issued no rulings on those interrogatories.

    3.    Plaintiff shall produce all documents required herein and shall provide its supplemental answers to the Interrogatories as directed hereinabove no later than July 5, 2017. Production of documents shall be by electronic means with immediate delivery or by hand delivery.

4. The date for completion of the Rule 30(b)(6) witness(es) designated by Plaintiff shall be within five business days after completion of all written discovery as stated hereinabove. The Plaintiff is directed to make its Rule 30(b)(6) witness(es) available for deposition at a time available to the Defendant's counsel during the five business days after completion of written discovery.

DONE AND ORDERED in Miami, Florida, this 23rd day of June 2017.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to Counsel of Record